**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

In re:

Christen Frederick Yensen, Sr.,

Debtor.

Address: 1630 Royle Road
Summerville, SC 29486

Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): 5889

Case No. 26-03981-jd
Chapter 7

NOTICE OF HEARING

**NOTICE OF HEARING ON MOTION OF THE UNITED STATES TRUSTEE TO DISMISS THE DEBTOR'S CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. § 707(a) and § 109(h)**

The Acting United States Trustee for Region 4 has filed papers with the Court seeking to have the above- referenced case dismissed pursuant to 11 U.S.C. §707(a) and § 109(h) with prejudice for two years under all chapters.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to dismiss the above-referenced chapter 7 case, or you want the Court to consider your views on the motion, then **within 21 days** of service of this notice, you or your attorney must:

File with the Court a written response, return, or objection at:

1100 Laurel Street
Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also send a copy to:

MATTHEW W. CHENEY
Acting United States Trustee, Region 4
ATTN: Linda Barr, Assistant United States Trustee
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201

Attend the hearing scheduled to be heard on **October 28, 2026, at 10:00 a.m.** at the King and Queen Building, 145 King Street, Room 225, Charleston, SC 29401.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

MATTHEW W. CHENEY
Acting United States Trustee, Region 4

By: /s/ Linda Barr
Linda Barr, Id. 6284
Assistant United States Trustee
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5219
linda.k.barr@usdoj.gov

September 28, 2026

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Christen Frederick Yensen, Sr.,<br><br>Debtor. | Case No. 26-03981-jd<br>Chapter 7 |

**MOTION AND MEMORANDUM OF UNITED STATES TRUSTEE**
**TO DISMISS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. § 707(a) and § 109(h)**

The Acting United States Trustee for Region 4 ("UST") respectfully moves this Court for an order dismissing this case pursuant to 11 U.S.C. § 707(a) and § 109(h) with prejudice for two years or such additional time as the Court deems appropriate under all chapters.

## JURISDICTION

The Court has jurisdiction of this case and proceeding pursuant to 28 U.S.C. §§ 1334(a, b), and 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2). The UST files this motion pursuant to the authority granted to him by 28 U.S.C. § 586 and 11 U.S.C. § 307.[1]

## FACTS

The debtor filed a voluntary petition for relief pursuant to chapter 7 on August 31, 2026, initiating the present bankruptcy case. The debtor is appearing *pro se*.

On his petition, the debtor checked that he received briefing from a credit counseling agency within 180 days before he filed his bankruptcy petition and received a certificate of credit

[1] Further reference to Title 11 U.S.C. § 101, *et seq.*, will be by section number only.

counseling. However, the debtor scratched through "within 180 days". The debtor also checked that he was not required to receive a briefing about credit counseling because of disability. On August 31, 2026, the debtor filed a certificate of credit counseling showing the credit counseling was received on November 15, 2024. [ECF # 4], which was not within 180 days of the bankruptcy case filing.

This is not the debtor's first bankruptcy case. The debtor has filed the following cases:

| Date Case Filed and Case Number | Chapter Selected | Disposition of Case |
|---|---|---|
| 12/2/2018<br>18-06144-jw<br><br>"First Case" | *13 pro se* | Order dismissing case under § 521(i) entered on 3/6/2019. |
| 8/30/2019<br>19-04618-jw<br><br>"Second Case" | *13 pro se* | Order dismissing case with prejudice for one year under chapters 11, 12 and 13 entered on 10/10/2019 for failure to file adequate schedules and chapter 13 plan. |
| 12/30/2020<br>20-04650-jw<br><br>"Third Case" | *13 pro se* | Order dismissing case under § 521(i) entered on 2/19/2021. |
| 8/2/2023<br>23-02269-eg<br><br>"Fourth Case" | *13 pro se* | Order dismissing case with prejudice for one year under chapters 11, 12 and 13 entered on 9/20/2023 for failure to obtain credit counseling or a waiver, pay filing fees, and other deficiencies. |
| 11/5/2024<br>24-04009<br><br>"Fifth Case" | *13 pro se* | Order dismissing case with prejudice for two years under chapters 11, 12 and 13 entered on 4/30/2025 for various deficiencies. |
| 9/29/2025<br>25-03766<br><br>"Sixth Case" | 7 *pro se* | Order dismissing case under § 521(i) entered on 12/16/2025. |
| 8/31/2026<br>26-3981-jd | 7 *pro se* | Debtor has not filed schedules and statements or a motion to extend the time to do so, failed to file a certificate of credit counseling or |

| | | |
|---|---|---|
| “Current Case” | | request for a waiver, and failed to pay filing fees. |

The debtor has not filed his schedules and statements in the Current Case, which has been pending for 28 days. Rule 1007(c) provides that these documents are to be filed with the petition or within 14 days thereof. The debtor has not done so and has not timely asked for an extension of the time. Upon information and belief, the debtor also failed to appear at the meeting of creditors scheduled for September 28, 2026.

**DISMISSAL BASED UNDER § 109(h)**

Section 109(h)(1) of Title 11 requires a debtor to attend required counseling within 180 days of the date of the bankruptcy filing to be eligible as a debtor under this title. The debtor checked that he had taken such credit counseling before the bankruptcy filing (although he struck out 180 days), but the certificate of credit counseling filed is from 2024. The debtor also checked that he is not required to obtain credit counseling, but there is no information on the waiver. As such, the debtor is not eligible to be a debtor under this title, and the case should be dismissed.

**DISMISSAL BASED UNDER § 707(a)**

Section 707(a) provides that, after notice and a hearing, the Court may dismiss a case only for cause and provides three nonexclusive examples. Section 707(a)(1) provides for dismissal for unreasonable delay by the debtor that is prejudicial to creditors. Section 707(a)(3) provides for dismissal if the debtor fails to file documents required under § 521(a). Section 521(a)(1)(B)(iv) requires a debtor to file copies of all pay advices received by the debtor within 60 days before the date of the petition from any employer of the debtor. Here, the debtor has

failed to file copies of his pay advices, and, as discussed above, has failed to file his schedules and statements. The debtor only listed one creditor (NewRez as agent for Bank of Mellon Trust). According to the Berkeley County Judicial Public index, the bankruptcy case was filed two days before the scheduled foreclosure sale. The foreclosure action appears to have been initiated in October 2017. The debtor has not filed the certificate of credit counseling showing he is eligible to be a debtor or paid his filing fees. This is the debtor's seventh case since 2018 and all have been dismissed, two with prejudice. Under the 2024 dismissal order, the debtor is currently barred from filing for relief under all reorganization chapters until April 30, 2027.

Districts in the Fourth Circuit have found that the debtor's bad faith acts or omissions can constitute cause for dismissal. *McDow v. Smith*, 295 B.R. 69 (E.D. Va. 2003). Here, the debtor has filed multiple cases with no indication of an intent in successfully completing those cases. The debtor's acts constitute cause supporting dismissal under § 707(a).

Wherefore, the UST prays that after proper notice and a hearing, the Court enter an order dismissing this case pursuant to § 109(h) and § 707(a) with prejudice for two years or such additional time as determined by the Court under all chapters and granting such other and further relief as the Court deems just and equitable.

Respectfully submitted,
MATTHEW W. CHENEY,
Acting United States Trustee, Region 4

By: /s/ Linda K. Barr
Linda K. Barr, Id. 6284
Assistant United States Trustee
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5219
linda.k.barr@usdoj.gov

September 28, 2026

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on September 28, 2026, I served the below-named parties with copies of the following documents:

MOTION AND MEMORANDUM OF UNITED STATES TRUSTEE TO DISMISS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. §§ 109(h) and 707(a)

WITH

NOTICE OF HEARING

AND

CERTIFICATE OF SERVICE

by mailing said copies to them by first-class, United States mail, postage prepaid, with return address clearly shown to said parties at the addresses shown below:

Christen Frederick Yensen Sr.
1630 Royle Rd
Summerville, SC 29486

NewRez
PO Box 619063
Dallas, Texas 75261-9063

and/or by electronic transmission through the Court's Electronic Case Filing system to the following participants:

Kevin Campbell (trustee)

By: /s/ Linda K. Barr
Linda K. Barr
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5219
linda.k.barr@usdoj.gov